UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES ALAN DINA, | ) | CASE NO. 1:06 CV 2136 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| LORAIN CORRECTIONAL | ) | MEMORANDUM OF OPINION |
| INSTITUTION, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 5, 2006, plaintiff pro se James Alan Dina filed this action under 42 U.S.C. § 1983 against the Lorain Correctional Institution ("LORCI"), the LORCI Medical Department Staff, the LORCI Staff Physician, LORCI Medical Supervisor Ms. Newman, and LORCI Institutional Inspector Mr. Green. In the complaint, plaintiff asserts that the defendants were deliberately indifferent to his serious medical needs. He seeks unspecified compensatory damages.

**Background**

Mr. Dina states that he was diagnosed with eczema in around both of his ears while he was being held in the Cuyahoga County Jail. He was treated with an antibiotic and hydrocortizone cream from February 3, 2006 until his transfer to LORCI on April 11, 2006. When he arrived at LORCI, he was told that prison policy required the intake staff to confiscate his cream.

He states he was told he would be scheduled to visit the medical department on the following day and would receive a free replacement of his medication. Mr. Dina alleges that he did not receive replacement medication until April 28, 2006 and then was charged for the new tube. He believes the delay was due to overcrowded conditions at the prison.

## Exhaustion of Administrative Remedies

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no

response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.

Mr. Dina has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances and includes only general statements of exhaustion in his pleadings indicating he "sent kites, informal complaint, [and] grievances but treatment and reimbursement was ignored." (Compl. at 4.) He does not indicate which grievances he filed, against whom they were filed, what the outcome of each grievance was, and whether he appealed each grievance to the highest administrative authority. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Mr. Dina has not satisfied that burden.

## Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3

DATED: November 27, 2006