UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES ALAN DINA, | ) | CASE NO. 1:06 CV 2136 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| LORAIN CORRECTIONAL | ) | MEMORANDUM OF OPINION |
| INSTITUTION, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 5, 2006, plaintiff pro se James Alan Dina filed this action against the Lorain Correctional Institution ("LORCI"), the LORCI Medical Department Staff, LORCI Staff Physician John Doe, LORCI Medical Supervisor Ms. Newman, LORCI Institutional Inspector Mr. Green, "Warden at Lorain, Correctional Officers, Sargents [sic], Lt., Captin [sic], Inspetor [sic], Case Manager, Doctors, Nurses, ect... [sic]." (Compl. at 3.) In the complaint, plaintiff asserts that the defendants should compensate him for "their negligence causing emotional distress, mental anguish, intentional infliction of emotional distress and pain and suffering." (Compl. at 5.). He seeks unspecified compensatory damages.

Mr. Dina's complaint was dismissed without prejudice on November 27, 2006 pursuant to 42 U.S.C. § 1997e, for failing to demonstrate exhaustion of administrative remedies. He appealed that decision to the United States Sixth Circuit Court of Appeals on December 14,

2006. Shortly thereafter, on January 22, 2007, the United States Supreme Court issued its opinion in <u>Jones v. Bock</u>, ___ U.S. ___, 127 S. Ct. 910 (2007), clarifying the procedural application of the PLRA's exhaustion requirement of 42 U.S.C. § 1997e. The court determined, in part, that inmates are not required to specially plead or demonstrate exhaustion in their complaints. The failure to exhaust administrative remedies under PLRA has been characterized as an affirmative defense. <u>Id.</u> at 921. Because his appeal was pending when the <u>Jones</u> opinion was rendered, the Sixth Circuit reversed the District Court's judgment and remanded the case for review in light of <u>Jones</u>.

**Background**

Mr. Dina states that he was diagnosed with eczema in around both of his ears while he was being held in the Cuyahoga County Jail. He was treated with an antibiotic and hydrocortizone cream from February 3, 2006 until his transfer to LORCI on April 11, 2006. When he arrived at LORCI, he was told that prison policy required the intake staff to confiscate his cream. He states he was told he would be scheduled to visit the medical department on the following day and would receive replacement medication. Mr. Dina alleges that he did not receive the replacement for eighteen days and then was charged for the new tube. He believes the delay was due to overcrowded conditions at the prison. Mr. Dina does not believe he should have had to pay for the replacement medication.

**Analysis**

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an <u>in forma pauperis</u> action under 28 U.S.C. §1915(e) if it fails to state a claim

2

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Dina has not set forth a valid basis for federal jurisdiction. He asserts claims of medical negligence, negligent infliction of emotional distress and intentional infliction of emotional distress. These claims arise, if at all, under Ohio tort law. They do not provide a basis for federal question subject matter jurisdiction.

Even if this Court were to broadly construe Mr. Dina's pleading to encompass a claim under the Eighth Amendment, it would be dismissed. In order to establish a claim for inadequate medical care under the Eighth Amendment, a plaintiff must demonstrate that the defendants acted with deliberate indifference to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). The complaint contains no suggestion that Mr. Dina suffered a sufficiently serious deprivation or that any of the defendants' actions could be described as anything other than the negligence which Mr. Dina alleges.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: December 12, 2007

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.